United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE SHEET METAL
WORKERS HEALTH CARE PLAN OF
NORTHERN CALIFORNIA, SHEET METAL
WORKERS PENSION TRUST OF NORTHERN
CALIFORNIA, SHEET METAL WORKERS
LOCAL 104 VACATION, HOLIDAY SAVINGS
PLAN, and TRUSTEE ANTHONY ASHER,

             Plaintiffs,

   v.

JEROME BERNARD BOHLAND, an individual,
a/k/a JERRY BOHLAND, d/b/a AIRTEKS
MECHANICAL, d/b/a AIRTEKS MECHANICAL
SERVICES, INC.,

             Defendants.

_____/

No. C 04-04902 WHA

**ORDER GRANTING
PLAINTIFFS' APPLICATION
FOR DEFAULT JUDGMENT**

**INTRODUCTION**

Plaintiffs have applied for entry of default judgment against defendant Jerome Bernard

Bohland, who has never appeared in this ERISA action.  Review of the *Eitel* factors favors

entry of default judgment.  Plaintiffs' application is thus **GRANTED** and defendant is **ORDERED**

**TO PAY A TOTAL OF $56,297.86** to plaintiffs.

**STATEMENT**

On November 11, 2004, plaintiffs filed this ERISA action seeking enforcement of a

collective bargaining agreement.  Plaintiffs seek an award for any unpaid contributions for the

months of July through September 2003 and October 2003 through January 2004, as well as

**United States District Court**
For the Northern District of California

1    liquidated damages and interest incurred thereon.  For their efforts, plaintiffs also seek

2    attorney's fees and costs.

3           To support their claims for relief, plaintiffs allege the following facts.  On

4    March 14, 2000, defendant entered into a collective bargaining agreement with Jerome Bernard

5    Bohland, an individual doing business as Airteks Mechanical Services and Airteks Mechanical.

6    The agreement required that health and welfare, pension and other fringe benefit contributions

7    be paid on behalf of covered employees to the Sheet Metal Workers Pension Trust of Northern

8    California Trust Funds.  The contract binds the defendant to the terms and conditions of each of

9    the agreements of each trust fund.  Under the contract, defendant agrees to submit a monthly

10   report of hours worked by his employees and to make regular contributions to trust funds

11   thereon.  Plaintiff funds rely on self-reporting by the employer.  Under the terms of the trust

12   agreement, failure to make payment by the 20th of the month in which the contribution is due

13   results in liquidated damages, interest, and attorney's fees.

14          Beginning in February 2003, defendants were delinquent in completing and sending in

15   monthly reports and paying monthly contributions.  In November, plaintiffs filed the instant

16   action.  Defendant was served with the summons and complaint on November 11, 2004.  The

17   Clerk of the Court entered defendant's default on March 1, 2005.  Thereafter, plaintiffs filed the

18   instant motion for entry of default judgment on March 15, 2005.  A hearing was held on this

19   matter on April 28, 2005.  In response to the Court's request, plaintiffs filed supplemental

20   briefing regarding the proof that the applicable interest rate is 15%.  In addition, plaintiffs filed

21   supplemental briefing indicating a credit against the original contribution amount sought.

22                                         **ANALYSIS**

23          Under FRCP 55(b)(2), a party can apply to the court for entry of judgment by default.

24   Whether to grant a motion for default judgment is within the discretion of the trial court.  In the

25   Ninth Circuit, a court is to consider the following factors in exercising this discretion:

26                  (1) the possibility of prejudice to the plaintiff, (2) the merits of
                    plaintiff's substantive claim, (3) the sufficiency of the complaint,
27                  (4) the sum of money at stake in the action, (5) the possibility of a
                    dispute concerning the material facts, (6) whether the default was
28                  due to excusable neglect, and (7) the strong policy underlying the
                    Federal Rules of Civil Procedure favoring decisions on the merits.

2

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  For the reasons that follow, these factors favor entry of default judgment in this case.

### 1.  MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.

After entry of default, well-pleaded allegations in the complaint regarding liability are taken as true, except as to the amount of damages.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  The merits of plaintiffs' substantive claims and the sufficiency of the complaint are thus considered in tandem.  This order does not reach the merits of each of plaintiffs' claims.  It is sufficient that plaintiffs have set forth allegations to prevail on their claim under ERISA.  This order finds that the *Eitel* factors weigh in favor of entry of default judgment.

Plaintiffs here assert a claim for unpaid contributions under ERISA, 29 U.S.C. 1145.  To recover, plaintiffs must show that:  (1) the fund is a multi-employer plan as defined by 29 U.S.C. 1002(37); (2) the defendant is an employer obligated to contribute to the plan under the terms of a collective bargaining agreement; and (3) the defendant failed to contribute in accordance with the plan or agreement.  In this case, plaintiffs allege facts to support each of the above elements.

Plaintiffs' funds are multi-employer plans within the meaning of ERISA (Compl. 2).  Defendant agreed in the written collective bargaining agreement to complete and send in monthly reports regarding the amounts of contributions that he is liable to pay each month and to make monthly payments of trust fund contributions (*id.* 5, 6).  Thereafter, defendant breached his contractual obligations by failing and refusing to pay benefit contributions since February 2003.

### 2.  THE REMAINING *EITEL* FACTORS.

This order finds that the remaining *Eitel* factors likewise favor entry of default judgment.  To deny plaintiffs' application would leave plaintiffs without a remedy.  Moreover, defendant has refused to litigate this action here after being properly served with the complaint and summons.  It is unlikely that the default was the result of excusable neglect.  Although federal policy may favor a decision on the merits, FRCP 55(b) permits entry of default judgment in situations, such as this, where the defendant has refused to litigate.

3

United States District Court

For the Northern District of California

1

**3.** **THE DETERMINATION OF DAMAGES.**

2

Pursuant to 29 U.S.C. 1132(g), when judgment in favor of a plan is awarded in an action

3

to enforce Section 1145, a court may award the plan unpaid contributions, liquidated damages

4

and interest thereon, reasonable attorney's fees and costs and any other legal or equitable relief

5

the court deems appropriate.

6

Plaintiffs seek an order requiring defendant to pay $40,095.08 in unpaid benefits,

7

$9,113.39 in liquidated damages and $6124.39 in interest.  Plaintiffs have submitted a

8

declaration with appended exhibits breaking down the calculation of damages

9

(Maraia Decl. Exh. 3).  Plaintiffs compute liquidated damages at 20% and interest at 15%.  To

10

support the calculation of liquidated damages at 20%, plaintiffs point to the following language

11

in Appendix D of the Trust Agreement (the 1982 collection procedures as amended effective

12

January 1, 1996):

13

> Once a matter is referred to collection counsel liquidated

14

> damages increase as of the date of the referral to 20% of
> the total amount of any billing still due and owing as of
> that date.

15

The Court accepts this percentage as a reasonable rate to calculate liquidated damages and allots

16

$9113.39 in liquidated damages.  To support the calculation of interest at 15%, plaintiffs point to

17

the Trust Agreement that states (*Id.* Exh. 2 at 9):

18

> Liquidated damages attributable thereto shall bear interest

19

> at a rate to be determined from time to time by resolution
> of the Board and published to the Contributing Employers

20

> beginning with the first day of the month following the
> Due Date.

21

According to plaintiffs' counsel, this rate was adopted by the trustees in May 2001 (Supp.

22

Carroll Decl. ¶3).  While the Court would have liked to see the document in which plaintiffs

23

published the rate of 15% to defendant employers, it will give plaintiffs the benefit of the doubt

24

and allot $6,124.39 in interest.

25

Plaintiffs also request an award of attorney's fees in the amount of $740.00 and costs of

26

$225.00.  Plaintiffs' counsel has filed a declaration describing the tasks performed in this action,

27

the billing rate for such tasks and the costs incurred (Carroll Decl.  ¶¶ 1–5).  This order finds the

28

amount of costs and attorney's fees to be reasonable and appropriate.

4

1    Finally, plaintiffs request the Court to allow them to reserve the right to audit defendant

2   for any period not previously audited.  To the extent the contract documents confer an ongoing

3   right to an audit, that right will persist independently of this order.  But cause has not been

4   shown to elevate any such right to injunctive relief, so this part of the motion is denied.

5                                                  **CONCLUSION**

6    For good cause shown, this order **GRANTS** plaintiffs entry of default judgment as to

7   defendant Jerome Bernard Bohland, who shall:

8              1.       Pay past contributions of $40,095.08;

9              2.       Pay liquidated damages of $9,113.39;

10             3.       Pay interest of $6,124.39;

11             4.       Pay attorney's fees in the amount of $740.00;

12             5.       Pay costs in the amount of $225.00.

13   Judgment shall be entered accordingly.

14

15        **IT IS SO ORDERED.**

16

17   Dated:  May 10, 2005.                           _____

18                                                   WILLIAM ALSUP
                                                     UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California